# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2847

_____

|  |  |  |
|---|---|---|
| Jimmy Dale Nicholas, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Jo Anne B. Barnhart, | * | |
| Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  July 22, 2002

Filed:  July 29, 2002

_____

Before McMILLIAN, BOWMAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Jimmy Dale Nicholas appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas, affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

income. For reversal, Nicholas argues that the administrative law judge (ALJ) did not consider his mental impairment and should have ordered a consultative psychological examination, and that the ALJ did not propound an accurate hypothetical question to the vocational expert. For the reasons discussed below, we affirm the judgment of the district court.

We find substantial evidence supports the ALJ's findings. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review). First, the ALJ followed the proper procedure in evaluating Nicholas's mental impairment by concluding that Nicholas suffered from a recurrent depressive disorder which was improving and stabilized by medication, and by completing a psychiatric review technique form. See 20 C.F.R. § 404.1520a (2001) (procedure ALJ must follow in evaluating claimant's mental impairments). The ALJ had no obligation to order a consultative examination because he had sufficient evidence from a treating physician and counselors to make a determination that Nicholas's depression was not disabling. See Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining added medical evidence if existing evidence provides sufficient basis for ALJ's decision). Second, the ALJ's first hypothetical adequately reflected the degree of functional limitations assessed by mental health professionals Drs. Gale and Donahue.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-